ORIGINAL

FILED
MAR - 4 2005
U.S. DISTRICT COURT
FLINT, MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELMER IRON, JR., #096725,

        Plaintiff,

vs.

JOEL SHAVELL, M.D., et. al.,

        Defendants.
_____/

Case No.: 03-CV-72068-DT

HON. JOHN CORBETT O'MEARA
MAG. JUDGE WALLACE CAPEL, JR.

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

This is a pro se prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint alleges that Defendant, Dr. Joel Shavell, was deliberately indifferent to his serious medical needs, and provided inadequate medical treatment in violation of his Eighth Amendment rights. Before the Court is "Defendant Dr. Joel Shavell's Motion for Summary Judgment," filed in the Eastern District of Michigan on November 12, 2004.

### II.  LAW

Under Fed.R.Civ.P. 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In essence, Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317,

322 (1986). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. Bender v. Southland Corp., 749 F.2d 1205, 1210-1211 (6th Cir. 1984). However, the court is not permitted to judge the evidence or make findings of fact. 60 Ivy Street Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. This burden may be discharged by showing that there is an absence of evidence to support the nonmoving party's case. Celotex Corp., 477 U.S. at 325. Once the moving party discharges this burden, it then shifts to the nonmoving party to present specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e). To create a genuine issue of material fact, the nonmoving party must present more than evidence of a disputed issue; the nonmoving party must produce evidence sufficient to require submission of the issue to a jury. Lucas v. Leaseway Multi Transp. Serv., Inc., 738 F.Supp. 214, 217 (E.D. Mich. 1990).

### III. ANALYSIS

Defendant claims that he is entitled to summary judgment because Plaintiff alleges only a matter of medical judgment or negligence, which does not constitute deliberate indifference; and, because Plaintiff fails to show that Defendant had a sufficiently culpable state of mind to meet the subjective element of a deliberate indifference claim. I agree.

Upon careful examination of Plaintiff's Complaint and submissions, it is clear that he is complaining that the Defendant failed to provide him with adequate and timely medical care. In Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976), the Supreme Court held that the Eighth Amendment is violated when prison officials are deliberately indifferent to the serious medical needs of prisoners. In Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994), the court clarified the

2

meaning of the term "deliberate indifference." In <u>Farmer</u>, the court held that "a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. <u>Id.</u> at 837. The record in this case does not support Plaintiff's cursory claims that Defendant refused to treat him and was deliberately indifferent. The medical records in this case establish that Plaintiff was provided medical care by Dr. Shavell or other medical personnel at least twenty-two times over a twelve month period.

In determining whether a prisoner's Eighth Amendment rights have been violated, the court distinguishes between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical care. <u>Westlake v. Lucas</u>, 537 F.2d 857, 860 (6th Cir. 1976).

At the most, Plaintiff's allegations establish that Defendant was negligent in diagnosing or treating his condition. "A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." <u>Farmer</u>, 511 U.S. at 835. "When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." <u>Comstock v. McCrary</u>, 273 F.3d 693, 703 (6th Cir. 2001). Allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim. <u>Estelle</u>, 429 U.S. at 106.

Plaintiff's factual allegations fail to state a claim upon which relief can be granted for the violation of his rights under the Eighth Amendment.

3

## IV. CONCLUSION

For the reasons stated above, it is respectfully recommended that Defendant's Motion for Summary Judgment be **GRANTED**.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation that they may serve and file specific, written objections to the proposed findings and recommendations. Further, either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.

WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

Date: MAR 0 4 2005

**ORIGINAL FILED**

CERTIFICATION OF SERVICE

MAR - 4 2005

U.S. DISTRICT COURT
FLINT, MICHIGAN

UNITED STATES OF AMERICA  )
                          ) ss   Case No.: 03-CV-72068–DT
EASTERN DISTRICT OF MICHIGAN  )

I, the undersigned, hereby certify that I have on the <u>4th</u> day of <u>March</u> 2005, mailed a copy of the "<u>Report and Recommendation</u>," in the foregoing cause, pursuant to Rule 77(Davenport), Fed.R.Civ.P., to the following:

Honorable John Corbett O'Meara
United States District Judge
231 W. Lafayette, Room 257
Detroit, Michigan 48226

Elmer Irons, Jr., #096725
Kinross Correctional Facility
16770 S. Watertower Drive
Kincheloe, Michigan 49788

Ronald W. Chapman
David B. Mammel
40950 North Woodward, Suite 350
Bloomfield Hills, Michigan 48304

Marsha Heinonen
Deputy Clerk